UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**FILED**

JAN 1 0 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN RE: IPHONE/IPAD APPLICATION
CONSUMER PRIVACY LITIGATION
   Cynthia O'Flaherty v. Apple Inc.,
      S.D. Illinois, C.A. No. 3:11-00359
   Erin Snyder, et al. v. Apple Inc.,
      E.D. Missouri, C.A. No. 4:11-00784

MDL No. 2250

## TRANSFER ORDER

    Before the Panel:[*] Pursuant to Panel Rule 7.1, plaintiffs move to vacate our order that conditionally transferred their actions (O'Flaherty and Snyder) to MDL No. 2250. Defendant Apple, Inc. (Apple) and liaison counsel for plaintiffs in MDL No. 2250 oppose the motion.

    After reviewing the argument of counsel, we find that these actions involve common questions of fact with the actions previously centralized in MDL No. 2250, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our original transfer order, which held that centralization of five actions in the Northern District of California was necessary to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary. See In re iPhone/iPad Application Consumer Privacy Litig., MDL No. 2250, 2011 WL 3557452, at *1 (J.P.M.L. Aug. 8, 2011). In that order we held that the actions shared "factual questions arising out of allegations that Apple allowed third party application developers to collect, transmit, and misuse personal identifying information from iPhone and iPad users." Id.

    Movants argue that the Panel cannot transfer their actions because Panel Rule 7.1(b)

---

[*]    Judge Charles R. Breyer took no part in the decision of this matter.

    Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in this decision. Alternatively, to the extent that this disqualification is determined for any reason to survive the renunciation, the Panel invokes the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. See In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig., 170 F. Supp. 2d 1356, 1357-58 (J.P.M.L. 2001).

- 2 -

constrains the Panel to include only tag-along actions in this docket that share the common issue of fact that the Panel enumerated in its original transfer order in this docket. Rule 7.1(b) states: "Upon learning of the pendency of a potential tag-along action, the Clerk of the Panel may enter a conditional order transferring that action to the previously designated transferee district court for the reasons expressed in the Panel's previous opinions and orders." Rule 7.1(b) does not bind the Panel so rigidly to its previous expressions of common questions of fact in a particular docket. Moreover, we previously transferred an action from the Northern District of Illinois (Moylan) that is substantially similar to the actions now before the Panel.

These actions share common questions of fact with Moylan and the other actions comprising MDL No. 2250. While the O'Flaherty and Snyder actions do not focus their allegations on the actions of third party application developers and their relationship with Apple, the allegations that Apple recorded users' geolocation information are a subset of the claims brought in MDL No. 2250, and the putative classes in the O'Flaherty and Snyder actions are subsumed within the putative nationwide classes in MDL No. 2250. Discovery among these actions and MDL No. 2250 will overlap, and there are efficiencies to be gained in centralizing these two actions with the Moylan action. Movants also argue that consolidation of their actions with the MDL No. 2250 will be required, but mechanisms are in place in the transferee court to address such concerns.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Lucy H. Koh for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Kathryn H. Vratil          W. Royal Furgeson, Jr.
Barbara S. Jones           Paul J. Barbadoro
Marjorie O. Rendell