UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE iPHONE/iPAD APPLICATION CONSUMER PRIVACY LITIGATION | Case No.: 11-MD-2250-LHK (PSG) <br><br> **ORDER RE: PLAINTIFFS' MOTION TO COMPEL** <br><br> **(Re: Docket No. 150)** |

In the midst of pending summary judgment and class certification motions,[1] the class-action Plaintiffs return to this court seeking further discovery from Apple, Inc. ("Apple") and alleging that Apple has failed to produce all responsive documents or to comply with this court's November 21, 2012 order granting Plaintiffs' earlier motion to compel.[2] The parties appeared yesterday for a hearing. As to the issue of compliance with the November 21 order, as outlined below, the court defers ruling on that issue until Apple tenders more information about what it has and has not produced. The court GRANTS Plaintiffs' motion to compel as it seeks complete responses to the

---

[1] *See* Docket Nos. 127, 130.

[2] *See* Docket No. 118.

1

Case No.: CV-11-2250 LHK(PSG)
ORDER RE MOTION TO COMPEL

two requests for production not at issue in the earlier order and GRANTS Plaintiffs' motion to compel as it seeks production of unredacted versions of responsive documents.

## I. BACKGROUND

In their initial consolidated complaint, Plaintiffs accused Apple and other defendants of violating various federal and California statutes and committing various torts primarily based on two factual allegations: (1) that Apple collected and stored geolocation information from class members owning Apple devices even after the geolocation feature of the devices had been turned off; and (2) that Apple failed to disclose to class members that its operating system allowed third parties to collect and monitor personal information from Apple devices without their consent.[3] The lead plaintiffs are divided into two groups, the Geolocation Class and the iDevice Class.

Upon a motion to dismiss, Judge Koh determined that the factual allegations as pleaded support only two causes of action against Apple: (1) violations of California's Unfair Competition Law ("UCL")[4]; and (2) violations California's Consumer Legal Remedies Act ("CLRA").[5] She dismissed the other causes of action without leave to amend.[6] Plaintiffs filed a Third Amended Complaint ("TAC") on October 4, 2012.[7]

### A.   November 21, 2012 Order

Last fall, Plaintiffs moved to compel Apple to produce more documents in response to several of Plaintiffs' requests for production.[8] The court issued an order on November 21, 2012 in which it found that although many of Plaintiffs' requests were overbroad or sought information to

---

[3] *See* Docket No. 25.

[4] *See* Cal. Bus. & Prof. Code § 17200.

[5] *See* Cal. Civ. Code § 1750.

[6] *See* Docket No. 69.

[7] *See* Docket No. 104.

[8] *See* Docket No. 97.

2

Case No.: CV-11-2250 LHK(PSG)
ORDER RE MOTION TO COMPEL

which they were not entitled, Apple had improperly limited its production to its own classification of relevant documents based on its theory of the case.[9] For example, as the court explained in the order, Apple should not have limited its production of documents to searches regarding a "caching query bug" because Apple had imposed its defense theory onto discovery for Plaintiffs' claims.[10] Apple also asserted that it needed to produce only documents regarding the sharing of UDID information with third parties, which the court likewise found was an impermissible limitation of its discovery obligation.[11]

The court ordered Apple to produce documents responsive to Plaintiffs' requests for production without limitation to the "caching query bug" or to the UDID but also limited Plaintiffs' requests for discovery regarding personal information to those categories that Plaintiffs identified in their complaint as being shared with third parties.[12]

## B.     The Motion to Compel

Following Apple's motion for summary judgment and Plaintiffs' motion to certify a class, Plaintiffs once again moved to compel Apple to produce documents, which is the motion at issue here.[13] In this second request, Plaintiffs seek three types of information from Apple: (1) unredacted versions of relevant documents in which Apple had redacted names and other information; (2) documents responsive to two of Plaintiffs' requests regarding Apple's privacy

---

[9] See Docket No. 118.

[10] See id.

[11] See id.

[12] See id.  The court did not provide a deadline by which Apple needed to supplement its production to Plaintiffs, instead relying on the parties to engage in meaningful discovery in compliance with the court's directives.

[13] See Docket No. 150.

3

Case No.: CV-11-2250 LHK(PSG)
ORDER RE MOTION TO COMPEL

policies and whether Apple obtained consent to share users' location data; and (3) further responses to seven requests for production that were the subject of the court's November 21 order.[14]

As to the second issue, Plaintiffs seek further production for Requests 1 and 27, which have not yet been the subject of a motion to compel:

1. all Documents relating to Apple policies, security criteria, and privacy standards used to authorizes Apps to be distributed, downloaded, shared or sold through the Apple iTunes App store; and

27. all Documents relating to whether Apple obtained consent from any user, including but not limited to Plaintiffs named in the Complaint, to have their Location Data collected and/or sent to Apple by and/or through their iDevices.[15]

As evidence that Apple has not made a complete production to these requests, Plaintiffs point to documents attached to Apple's motion for summary judgment that are responsive to these requests but that Apple never produced.[16] At the hearing, Apple conceded that it had not produced six documents reflecting earlier versions of its terms of use policies.

As to the requests on which the court has already ruled, Plaintiffs specifically complain that Apple has not produced all responsive documents to Requests 2-3, 5-7, 21 and 25. The requests seek:

2. all documents relating to Apple's investigation of the "Location Services Issue," including but not limited to, any internal or external audits, analyses, studies or reviews or recommendations performed by Apple or any third party, regarding the "Location Services Issue";

3. any and all specifications, diagrams, schema, dictionaries, and/or documentation; development documentation and output and analyses of test results, executables, SDKs, APIs, source code, scripts, and command procedure files and libraries; and evaluations, monitoring reports, trouble tickets, and system change logs relating to: (a) consolidated.db database, including but not limited to, the CellLocation, WifiLocation, CellLocationHarvest, and WifiLocationHarvest tables; (b) CLNetworkLocationProvider; and (c) Apple document APPLE_0003487 (produced to Plaintiffs on June 1, 2012), including documents referenced in the 0003487 document and any document referencing the 0003487 document;

---

[14] *See id.*

[15] Docket No. 175 at 15; *see also* Docket No. 130.

[16] *See* Docket No. 123 Exs. F-J.

4

Case No.: CV-11-2250 LHK(PSG)
ORDER RE MOTION TO COMPEL

    5.    all documents relating to iDevice users' ability to prohibit Apple from accessing location data;

    6.    all documents identifying and relating to the manner in which the Apple iDevices access, collect, store, use, and/or transmit location data to Apple or any third party;

    7    all documents related to the effect on iDevice resource utilization of Apple's collection and storage of users' iDevice geographic location information;

    15.    all documents concerning the data and personal user information Apple permits App developers to share with third parties;

    21.    all documents evidencing and/or addressing concerns raised and/or complaints made by consumers regarding iDevice privacy or geolocation data (whether by GPS or wifi-hotspot and/or cell tower location data).[17]

Plaintiffs argue that the paucity of documents and Apple's behavior regarding Requests 1 and 27 provide sufficient evidence to suggest that Apple has not provided all responsive documents to these requests, in contravention to the court's November 21 order.

Plaintiffs' last complaint stems from Apple's redaction of two categories of information from numerous responsive documents produced to Plaintiffs. Apple redacted the names of its app reviewers and "highly confidential processes and procedures by which Apple reviews apps for compliance with its guidelines, as well as documents and communications" relating to those guidelines.[18]

**C.    February 28, 2013 Hearing**

Prior to this court's hearing on this motion, the parties appeared before Judge Koh on a hearing for the motion for class certification. At that hearing, Judge Koh addressed the fact that Apple had attached responsive but unproduced documents to its summary judgment motion pending before her.[19] Judge Koh also questioned Apple's outside counsel regarding Plaintiffs' allegations that Apple had failed to produce substantially complete discovery by her deadline of

---

[17] Docket No. 150 at 2-7.

[18] *See* Docket No. 175.

[19] *See* Docket No. 198 at 24:1-7.

Case No.: CV-11-2250 LHK(PSG)
ORDER RE MOTION TO COMPEL

September 15, 2012.[20] Judge Koh required Apple's outside counsel to file declarations that "a thorough document collection has been conducted and that there are no relevant documents to be produced," to which Apple's outside counsel replied that she was "confident that all documents Plaintiffs have sought have been produced."[21]

Apple's outside counsel further represented to Judge Koh that the undersigned had "already ruled on [Apple's] discovery obligations and found that [it] had complied with them and [it] had produced documents that related to the allegations."[22] The court notes that its November 21 order did not find that Apple had complied with its obligations; the order stated only that Apple could limit its production to categories of information identified in Plaintiffs' complaint and said nothing about Apple's compliance with that limitation.[23]

**D.     Apple Declarations and March 5, 2013 Hearing**

On March 4, 2013, Apple filed two declarations in response to Judge Koh's request that Apple certify that it had substantially completed its discovery.[24] The first declaration was from Apple's Senior Litigation Manager.[25] In the declaration, the Senior Litigation Manager asserted that Apple "has conducted a reasonable and diligent search for documents responsive to Plaintiffs' discovery requests" and that "Apple takes its discovery obligations extremely seriously, and at no time in this litigation has Apple or its outside counsel intentionally or knowingly withheld or failed to locate or produce any responsive, non-privileged documents in this case."[26]

---

[20] *See id.*

[21] *See id.* at 27:10-11, 19-20.

[22] *See id.* at 32:2-4.

[23] *See* Docket No. 118.

[24] *See* Docket No. 199.

[25] *See* Docket No. 199 Ex. 1.

6
Case No.: CV-11-2250 LHK(PSG)
ORDER RE MOTION TO COMPEL

The Senior Litigation Manager nevertheless admitted that through "inadvertence" Apple had not produced at least six responsive documents that were subsequently attached to the motion for summary judgment.[27] She also stated that after Judge Koh's comments at the February 28 hearing, "Apple . . . undertook a comprehensive review of its discovery processes and responses in this case to confirm that all responsive, non-privileged documents have been located and produced based on a reasonable and diligent search."[28] Having reviewed its discovery processes, Apple discovered "some additional documents that may be responsive," and the Senior Litigation Manager promised to produce "any additional non-privileged, responsive documents no later than March 18, 2013."[29]

Despite her representations to Judge Koh on February 28, Apple's outside counsel likewise asserted in her supplemental declaration that after a "thorough review" of Apple's discovery process, Apple "conducted further searches over the weekend to ensure that Apple's discovery responses are comprehensive and complete."[30] Apple's outside counsel stated that "[a]s a result of this process, we will be producing additional documents beginning today and will complete this production by no later than March 18, 2013."[31]

In accordance with these declarations, at the hearing before this court on March 5, 2013, the same outside counsel for Apple stated that despite the similar representations in its opposition to Plaintiffs' motion to compel,[32] Apple was continuing to undertake discovery.[33] She further

---

[26] *Id.* ¶ 3.

[27] *See id.* ¶ 13.

[28] Docket No. 199 Ex. 1 ¶ 31.

[29] *Id.*

[30] Docket No. 199 Ex. 2 ¶ 2.

[31] *Id.*

[32] *See* Docket No. 175.

7
Case No.: CV-11-2250 LHK(PSG)
ORDER RE MOTION TO COMPEL

conceded that Apple had not produced all responsive documents to Plaintiffs' requests or even produced all documents in compliance with the court's November 21 order.

## II. LEGAL STANDARDS

Rule 26(b) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The relevant information "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Relevance under Rule 26(b) is broadly defined, "although it is not without ultimate and necessary boundaries."[34]

The court must limit the frequency or extent of discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, or the burden or expense of the proposed discovery outweighs its likely benefit. Upon a motion to compel pursuant to Fed. R. Civ. P. 37(a)(3), the moving party has the burden of demonstrating relevance.[35] Pursuant to Fed. R. Civ. P. 37(b)(2)(A), if a party fails to comply with a court order "to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."

## III. DISCUSSION

**A.　Request Nos. 2-3, 5-7, 21 and 25**

Plaintiffs assert that Apple has not provided all responsive documents to Requests 2-3, 5-7, 21 and 25. In support of their argument, Plaintiffs point to Apple's production of approximately 3,000 documents, which Plaintiffs assert is underwhelming, and to Apple's attachment of

---

[33] *See* Docket No. 202 at 30:19-22.

[34] *See Gonzales v. Google Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (internal citations and quotations omitted).

[35] *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995).

8
Case No.: CV-11-2250 LHK(PSG)
ORDER RE MOTION TO COMPEL

documents that were responsive to other requests but had not been produced.[36]  In its opposition, Apple represented that it had produced all documents responsive to these requests and that Plaintiffs failed to provide evidence that Apple was withholding any responsive documents.[37]  But as the court described above, Apple cannot credibly claim that it has produced all responsive documents when its outside counsel and Senior Litigation Manager both have admitted in declarations and at the March 5 hearing that Apple in fact has other responsive documents to produce.

The court already has refereed this particular dispute between Plaintiffs and Apple and ordered Apple to produce responsive documents, albeit with the limitation of only the categories identified in Plaintiffs' complaint.[38]  Despite already having a court order requiring Apple to produce responsive documents, Plaintiffs seek to have the court repeat itself and again order Apple to make a sufficient production.[39]  And, as Apple points out, Plaintiffs have presented to the court little more than suspicions that Apple has withheld responsive documents.[40]

Luckily for Plaintiffs, Apple has provided more than enough evidence itself to suggest to the court that it has not fully complied with the court's order and in fact has not produced all responsive documents.  Apple's outside counsel admitted as much at the March 5 hearing,[41] and the variety of Apple's representations before Judge Koh and this court further support that Plaintiffs' suspicions are not off-base.

---

[36] *See* Docket No. 150.

[37] *See* Docket No. 175.

[38] *See* Docket No. 118.

[39] *See* Docket No. 150.

[40] *See* Docket No. 175.

[41] *See* Docket No. 202 at 32:15-23.

9
Case No.: CV-11-2250 LHK(PSG)
ORDER RE MOTION TO COMPEL

Through the two submitted declarations and Apple's counsel's statements at the March 5 hearing, Apple represented that its latest and most recent round of production will bring it into full compliance with the November 21 order and its general discovery obligations.[42] But Apple has made that statement before, including in its opposition to this very motion[43] and in representations before Judge Koh less than a week ago.[44] Only upon Plaintiffs alerting Judge Koh about the unproduced documents attached to Apple's motion for summary judgment and Judge Koh's inquiry and subsequent admonishment did Apple actually review its discovery procedures to ensure it had produced all responsive documents[45] – and it in fact had not.[46] Apple has not explained to this court's satisfaction why the November 21 order did not produce the same result. Apple waited over three months from this court's order requiring it to produce responsive documents to actually check whether it had done so. This is unacceptable.

In light of Apple's performance in this case, the court cannot rely on its representations that this time it really has or will produce all responsive documents. Apple now must show the court that it has complied with its discovery obligations.[47] Apple shall file with the court a detailed account of the discovery process it has used in this case. Specifically, Apple shall identify in table format the search terms used, the dates on which it performed the searches, any individual custodians or central sources subject to each set of terms used in the searches, and the number of responsive documents. Apple's Senior Litigation Manager also shall file a declaration explaining from what sources Apple drew the responsive documents and shall explain with particularity the

---

[42] *See* Docket No. 199.

[43] *See* Docket No. 175.

[44] *See* Docket No. 198 at 28:18-24.

[45] *See id.* at 30:14 – 31:2.

[46] Docket No. 199 Ex 1 at ¶ 31.

[47] *See* Fed. R. Civ. P. 37(b)(2)(A).

10
Case No.: CV-11-2250 LHK(PSG)
ORDER RE MOTION TO COMPEL

parameters Apple used to determine that documents were not responsive. As Apple's outside counsel represented in the February 28 hearing, of 100,000 potential documents, only 3,000 were produced to Plaintiffs.[48] The court wants to know how Apple limited its production. Apple shall file these documents by 5:00 p.m. on Friday, March 8, 2013.

The court will review Apple's explanation of its discovery procedures and determine whether it has made a good faith and reasonable effort to search for and produce responsive documents. The court therefore defers ruling on Plaintiffs' motion to compel further responses until after it has reviewed the searches Apple has undertaken.

**B.     Requests 1 and 27**

As to the responses to Requests 1 and 27, the court has not previously addressed a motion regarding these requests.[49] But Apple's "inadvertent" failure to produce at least six responsive documents that it subsequently attached to a motion for summary judgment again suggests that Apple has not been diligent with its discovery obligations. To the extent that Apple has any other documents responsive to these requests, it shall produce them no later than its promised date of March 18, 2013. Apple shall also include in its filing with this court on Friday, March 8, 2013, a detailed account of the discovery procedures it used with regards to these requests, including identifying search terms, custodians, dates, and numbers of responsive documents as the court explained in detail above.

---

[48] *See* Docket No. 198 at 31:14-19.

[49] Apple objects to Plaintiffs' motion on the grounds that Plaintiffs failed to meet and confer as required by Civil L.R. 37-1. *See* Docket No. 175. The court agrees to the extent that a meet-and-confer is a prerequisite to a motion to compel, but as Plaintiffs represented at the March 5 hearing, they discussed these requests with Apple back in September and decided no further production was required. Apple's attachment of responsive but unproduced documents to its motion for summary judgment appears to have alerted Plaintiffs to a failure by Apple to comply with its obligation. Although the court does not condone Plaintiffs' failure to confer with Apple regarding the dispute prior to filing this motion, the court nevertheless entertains the motion given Apple's problematic production and the late notice to Plaintiffs that the production was deficient.

11
Case No.: CV-11-2250 LHK(PSG)
ORDER RE MOTION TO COMPEL

### C. Redacted Documents

In its production of documents regarding its app review process, Apple redacted two categories of information on the grounds that the information was not relevant and was highly confidential even within the company.[50] Although Apple represents to the court that it is somehow entitled to redact "incredibly sensitive and highly confidential" irrelevant information, Apple does not explain why the protective order to which it agreed and which provides an attorneys-eyes-only designation for "highly confidential" information is insufficient here.[51] The protective order explicitly provides that "highly confidential" information includes "trade secrets, . . . product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity."[52]

Apple's argument is further undercut by the fact that it has identified both the head of the app review process and two app reviewers to Plaintiffs' counsel, and it admits that none of the various harms it describes in its papers have come to pass.[53] The court is not persuaded that Apple is entitled to an exemption from the discovery obligation to produce the documents "as they are kept in the usual course of business"[54] especially given the protective order to which Apple itself stipulated. Apple shall produce unredacted versions of the documents to Plaintiffs' counsel, with an attorneys-eyes-only designation if so warranted, by March 18, 2013.

---

[50] *See* Docket No. 175.

[51] *See* Docket No. 89.

[52] *See id.* ¶ 2.5.

[53] *See* Docket No. 175.

[54] *See* Fed. R. Civ. P. 34(b)(2)(E)(i).

12

Case No.: CV-11-2250 LHK(PSG)
ORDER RE MOTION TO COMPEL

## IV. CONCLUSION

As detailed above, Apple shall provide to the court a detailed account of its discovery procedures with respect to Requests 2-3, 5-7, 21 and 25 in compliance with the directions above no later than 5:00 p.m. on Friday, March 8, 2013. Apple shall provide all responsive documents to Requests 1 and 27 to Plaintiffs no later than March 18, 2013 and shall provide to the court a detailed account of its discovery regarding those requests no later than 5:00 p.m. on Friday, March 8, 2013. Apple shall provide unredacted copies of responsive documents to Plaintiffs' counsel no later than March 18, 2013.

**IT IS SO ORDERED.**

Dated:  March 6, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge