SCOTT A. KAMBER
DAVID STAMPLEY
skamber@kamberlaw.com (pro hac vice)
dstampley@kamberlaw.com (pro hac vice)
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, NY  10005
212.920.3072 T
212.202.6364 F

DEBORAH KRAVITZ (SBN 275661)
dkravitz@kamberlaw.com
KamberLaw, LLP
141 North St.
Healdsburg, California 95448
Telephone: (707) 820-4247
Facsimile: (212) 202-6364

*Interim Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re iPhone Application Litigation | CASE NO. 11-MD-02250-LHK (PSG) <br><br> **CLASS ACTION** <br><br> **JOINT STATEMENT REGARDING OUTSTANDING DISCOVERY (PLAINTIFFS)** |

1   During the February 28, 2013 hearing on Plaintiffs' motion for class certification, the Court requested a joint filing setting forth "what is still outstanding to be produced in this case." Transcript 95:2-14. Accordingly, the parties set forth below their respective positions with respect to the remaining discovery to be completed before the April 5, 2013 fact discovery cut off.

Plaintiffs join in paragraphs 1 through 3 of Apple's "Joint" Statement. Apple advised Plaintiffs at 10:45pm that they would file their section under separate cover and did so at 11:30. Plaintiffs believed it was appropriate that they review, on at least a cursory level, the documents produced by Apple this afternoon prior to filing this statement and only recently finished that review. Plaintiffs further believed the Court Ordered a single filing stating each party's position and Apple filed separately over Plaintiffs' objection.

**APPLE'S STATEMENT**

1. Filed under separate cover.

**PLAINTIFFS' STATEMENT**

1. The discovery picture we have today is far different from what we knew when the parties were before the Court last week. While Plaintiffs suspected that Apple's production was incomplete and had moved to compel a second time, Plaintiffs now know that the production is deficient in many serious respects, the deficiencies do not appear to be merely inadvertent, and Magistrate Judge Grewal has ordered Apple to explain itself as detailed herein.

2. As we move forward, it is difficult for Plaintiffs to state specifically and with certainty everything that remains to be produced, because so much of what Plaintiffs requested has yet to be produced.

3. Throughout the course of oral arguments this past week and in in a production by Apple made just hours ago, we have learned: (1) Apple failed to do even the most basic review of files of witnesses identified in its own Initial Disclosures; (2) that the Apple employees that senior executives turn to for information on data shared with third-parties were never identified in Initial Disclosures; and (3) today's production (itself incomplete) contains material information relevant not only to the pending class certification and summary judgment motions, but which go to the core of the allegations in Plaintiffs' complaint.

4.  While Plaintiffs have long believed that Apple's production was incomplete (and necessitating two motions to compel), they were shocked to learn that Apple failed to review the files of senior executives, such as Steve Jobs—particularly when counsel for Apple previously touted the production of Steve Jobs' emails as evidence of the thoroughness of Apple's production.  See Transcript of November 6, 2012 hearing on Plaintiffs' first motion to compel, p. 33:17-24 ("We have produced everything relating to the caching query bug, the internal bug reports that show Apple in realtime realizing this was going on and fixing it and analyzing it. We have e-mails from Steve Jobs discussing his reaction and frustration to the fact that this bug had been discovered.  We went to extensive lengths to produce everything that could be related to this case").

5.  The first step to obtaining the outstanding discovery is a thorough review of the submission that Magistrate Judge Grewal has ordered Apple to make by Friday, March 8, 2013, detailing at length its discovery efforts and protocols to date.  That review should clarify and illuminate for Plaintiffs what items remain to be produced by Apple.

6.  However, even the incomplete production from earlier today (of which Plaintiffs have only done a cursory review) provides some hints as to items that Plaintiffs believe have not been produced. A cursory review of the first few documents produced shows that they contain material information pertaining to the following issues: damages, location services, and the sharing of data with third parties.  They reveal information as to who knew what, and when, and they reference additional documents and data that have never been produced to Plaintiffs. Worse yet, they are the first documents produced on some issues for which Apple alleges there is no evidence (e.g. unnecessary resource and data consumption). In addition, they identify new individuals who now appear to have played significant roles in connection with issues squarely raised by Plaintiffs' Complaint and who should have been identified in initial disclosures from the get-go, e.g. John Geleynse and his manager Ron Okamoto who were responsible for developer needs, and who senior Apple executives turned to for information on what data third-party advertisers collect.  More items that Plaintiffs believe are missing are listed *infra*.

7.  This cursory review of today's documents reinforce Magistrate Judge Grewall's finding that "in light of Apple's performance in this case, the court cannot rely on its representations that this

time it really has or will produce responsive documents." Since last week's hearings plaintiffs have learned or been able to determine that (i) relevant witnesses had not been identified by Apple -- witnesses who possessed information relevant to the pending motions; (ii) Apple's search protocols were so flawed that even witnesses listed by Apple on initial disclosures over a year ago never had their files searched; (iii) serious questions now exist whether searches were only run on documents in the custody of Apple employees hand-picked by counsel rather than across the Company as a whole; and (iv) certain arguments made by Apple regarding damages and data available to third parties are flatly contradicted by just the limited additional production made so far, a production made after Ms. Beringer's declaration to the Court that all documents had been produced.

8. Notwithstanding the directives of this Court, time and time again, Apple, by its counsel, has blocked efforts by Plaintiffs to obtain relevant information relating to the both the merits and to Class Certification issues. Indeed, Plaintiffs' efforts to narrow requests with the expectation that Apple would ultimately produce a significant number of documents failed to bear fruit. As of this date, Apple has only produced approximately 3,000 documents (and many of the documents are actually duplicates of one another, with the exception of adding another person on the cc line, if an email). In a case of this magnitude, the lack of production is glaringly obvious.

**Magistrate Judge Grewal's Findings**

9. Last fall, Plaintiffs moved to compel Apple to produce documents in response to many of Plaintiffs' requests for production. Mag. Judge Grewal issued an order on November 21, 2012, in which he found that Apple had improperly limited its production to its own classification of relevant documents, based on its unilateral theory of the case. Dkt. No. 118[1].

10. At that time, Mag. Judge Grewal ordered Apple to produce documents responsive to Plaintiffs' requests for production without limitation to the "caching query bug" or to the UDID, but did limit Plaintiffs' requests for discovery regarding personal information to those categories of

---

[1] Another clue as to how Apple's production was improperly narrowed is found in Apple's Opposition to the Motion to Compel (Dkt. 175). At p. 8, n.3, Apple does not state that it produced **all** responsive documents on the Locations Services Off issue, but only that: "Apple has produced numerous relevant reports from this database to Plaintiffs. These reports provide a **comprehensive view** of discussion about various engineering changes made to iOS" (emphasis added). A comprehensive "view" is somewhat short a of full production.

information that Plaintiffs specifically identified in their complaint as being shared with third parties. See Dkt. No. 118 and Dkt. No. 203 at p. 3.

11. In their latest Motion to Compel, Plaintiffs sought three types of information from Apple: (1) unredacted versions of relevant documents which Apple had improperly redacted material on some basis other than privilege ; (2) documents responsive to two of Plaintiffs' requests regarding Apple's privacy policies (Request No. 1) ;and whether Apple obtained consent to share users' location data (Request No. 27); and (3) further responses to seven requests for production that were the subject of the Mag. Judge's November 21, 2012 Order.

12. As to the requests on which the Judge Grewal had already ruled, Plaintiffs specifically complained that Apple had not produced all responsive documents to Requests 2-3, 5-7, 21 and 25.

13. In ruling on the Motion to Compel, Judge Grewal specifically found that:

> Despite her representations to Judge Koh on February 28, Apple's outside counsel likewise asserted in her supplemental declaration that after a 'thorough review' of Apple's discovery process, Apple 'conducted further searches over the weekend to ensure that Apple's discovery responses are comprehensive and complete.' Apple's outside counsel stated that '[a]s a result of this process, we will be producing additional documents beginning today and will complete this production by no later than March 18, 2013.'
>
> In accordance with these declarations, at the hearing before this court on March 5, 2013, the same outside counsel for Apple stated that despite the similar representations in its opposition to Plaintiffs' motion to compel, Apple was continuing to undertake discovery. She further conceded that Apple had not produced all responsive documents to Plaintiffs' requests or even produced all documents in compliance with the court's November 21 order.

See Dkt. 203 at pp 7-8 (footnotes omitted).

14. In light of Apple's poor discovery performance in this case, Judge Grewal determined that he could not rely on its belated representations that this time it really has or will produce all responsive documents. Id. at 10. Accordingly, Judge Grewal has now ordered that:

> Apple shall file with the court a detailed account of the discovery process it has used in this case. Specifically, Apple shall identify in table format the search terms used, the dates on which it performed the searches, any individual custodians or central sources subject to each set of terms used in the searches, and the number of responsive documents. Apple's Senior Litigation Manager also shall file a declaration explaining from what sources Apple drew the responsive documents and shall explain with particularity the parameters Apple used to determine that documents were not responsive. As Apple's outside counsel represented in the February 28 hearing, oa 100,000 potential documents, only 3,000 were produced to Plaintiffs. The court wants to know how Apple limited its production. Apple shall file these documents by 5:00 p.m. on Friday, March 8, 2013.

> The Court will review Apple's explanation of its discovery procedures and determine whether it has made a good faith and reasonable effort to search for and produce responsive documents. The court therefore defers ruling on Plaintiffs' motion to compel further responses until after it has reviewed searches Apple has undertaken.
>
> * * *
>
> As to the responses to Requests 1 and 27 . . . . Apple shall also include in its filing with this court on Friday, March 8, 2013, a detailed account of the discovery procedures it used with regards to these requests, including identifying search terms, custodians, dates, and numbers of responsive documents as the court explained in detail above.

Id. at 10-11 (section heading and footnotes omitted).

15. In connection with Plaintiff's motion regarding the improperly redacted documents, Judge Grewal found that Apple inappropriately redacted documents. Id. at 12 (footnotes omitted).

**Moving Forward To Obtain Discovery Owed**

16. It is now abundantly clear from Judge Grewal's Order, the recent declarations filed by in-house and outside counsel for Apple, as well as the admissions made by Apple above, that it intends to continue to produce even more documents (even beyond those that it identified in their Monday, March 4, 2013, Declarations and those described to the Magistrate Judge on March 5, 2013) that Apple has failed to come close to fulfilling its discovery obligations. Just one of the many glaring failures is that Apple now admits that it neglected to search – until this past weekend – the files of a number of key, senior executives, including: Steve Jobs, Phil Schiller, Greg Joswiak, Scot Forstall, and Eric Albert (See Transcript of March 5, 2013 hearing at pp. 33:1-10)[2].

17. In addition to the documents subject to Magistrate Judge Grewel's Order, Plaintiffs remain incredulous that certain other areas of Defendant's production, relevant to the pending motions, are complete. Plaintiffs expect that the disclosure of search terms and protocols by Apple will demonstrate why the production lacks the following, and what changes are needed to ensure a complete production:

---

[2] In todays production, Apple designated every document Attorneys' Eyes only even though many of the documents were shared by Apple with the public by email or are simply embarrassing email exchanges between members of the public and Steve Jobs.

- The change from using UDIDs in iOS 6 was an important decision by Apple yet the volume of related documents does not match the import of the decision. The iOS group with responsibility in this matter seems to be unrepresented among document custodians;

- The App Store has hundreds of thousands of free Apps yet virtually no test results or analyses of such Apps were produced unless such analysis directly referenced a Wall Street Journal article. It seems unlikely that Apple's management only discussed App review when it appeared in the WSJ. Further, it seems unlikely that Apple never did a technical analysis of the apps and third party networks identified in complaint. Further review protocols and discussions and development thereof are lacking;

- The initial decision to make the iPhone the first smartphone to share a UDID with third parties is virtually unmentioned in documents. It would be expected that such an important decision would require some discussion and analysis at a management level;

- Mr. Huang referenced communications with the iAd team in his deposition but no documents related to that nor related to the iAd usage of location data was produced;

- Native files of referenced tests were not produced; and

- Management-level personnel make reference to battery and bandwidth usage yet no test data relating to such usage was ever produced.

18. As Plaintiffs have long suspected, significant gaps in Apple's production in this case has been the rule, not the exception. As Magistrate Judge Grewal's order recognized, Plaintiffs' 'suspicions' are apparently well founded by Apple's own contradictory submissions to this Court over the last few weeks. This is not an esoteric issue, but one that has hampered Plaintiffs' ability to obtain testimony of relevant witnesses and to otherwise provide this Court, by way of evidence and expert testimony, further support in connection with the motions for class certification and summary judgment. The record, in Plaintiffs' view, supports Plaintiffs' motion for class certification based on the existing evidence, as well as supporting Plaintiffs' opposition to the summary judgment motion. Nonetheless, Plaintiffs would have been in a much better position to present these issues and provide more facts to this Court had Apple and its counsel actually complied with the Court's initial directives and the federal rules of discovery.

JOINT STATEMENT RE OUTSTANDING DISCOVERY (PLAINTIFFS) - CASE NO. CV 11-MD-02250-LHK

6

Dated: March 6, 2013          KAMBERLAW, LLC

        __s/Scott A. Kamber_____
SCOTT A. KAMBER
DAVID A. STAMPLEY
skamber@kamberlaw.com
dstampley@kamberlaw.com
KAMBERlaw, LLC
100 Wall Street, 23rd Floor
New York, NY 10005
Telephone: (212) 920-3072
Facsimile: (212) 202-6364

DEBORAH KRAVITZ (SBN 25661)
dkravitz@kamberlaw.com
KAMBERLAW, LLP
141 North St.
Healdsburg, CA 95448
Telephone: (707) 820-4247
Facsimile: (212) 202-6364

*Interim Lead Counsel for Consolidated Plaintiffs*

WILLIAM AUDET (CA State Bar #117456)
JONAS P. MANN
waudet@audetlaw.com
jmann@audetlaw.com
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556

*Liaison Counsel for Consolidated Plaintiffs*

RICHARD A. LOCKRIDGE
ROBERT K. SHELQUIST
KAREN HANSON RIEBEL
JULIE A. STROTHER
rlockridge@locklaw.com
rshelquist@locklaw.com
khriebel@locklaw.com
jastrother@locklaw.com
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

LEIGH SMITH
JOSH KELLER
lsmith@milberg.com
jkeller@milberg.com
MILBERG LLP
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
Telephone:  (212) 594-5300
Facsimile:   (212) 868-1229

JEREMY WILSON
jeremy@wtlfirm.com
WILSON, TROSCLAIR & LOVINS
302 N. Market St.
Suite 501
Dallas, TX 75202
Telephone: (214) 484-1930

*Executive Committee for Consolidated Plaintiffs*