United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| IN RE IPHONE APPLICATION LITIG. | Case No.: 11-MD-02250-LHK <br><br> ORDER DENYING APPLE'S MOTION FOR SUMMARY JUDGMENT AND INSTRUCTING PLAINTIFFS TO WITHDRAW MOTION FOR CLASS CERTIFICATION BECAUSE OF APPLE'S UNTIMELY DISCOVERY |

On December 17, 2012, Plaintiffs filed a motion for class certification. ECF No. 127. On January 17, 2013, Defendant Apple Inc. ("Apple") filed an opposition. ECF No. 146. On February 8, 2013, Plaintiffs filed a reply. ECF Nos. 176 and 190-2.

On December 18, 2012, Apple filed a motion for summary judgment. ECF No. 130. Plaintiffs filed an opposition on January 22, 2013. ECF Nos. 156 and 191-5. Apple filed a reply on February 8, 2013. ECF No. 173. Apple sought repeatedly and unsuccessfully to have its summary judgment heard before Plaintiffs' motion for class certification. ECF Nos. 120 and 135.

During the February 28, 2013 hearing on Plaintiffs' motion for class certification, the Court stated that it was disturbed that Apple's motion for summary judgment may have relied upon Apple documents that Apple had never produced to Plaintiffs. Tr. 2/28/13 at 24:1-8. Apple's counsel confirmed that Apple's summary judgment motion relied upon ten documents that Apple

1

Case No.: 11-MD-02250-LHK
ORDER DENYING APPLE'S MOTION FOR SUMMARY JUDGMENT AND INSTRUCTING PLAINTIFFS TO
WITHDRAW MOTION FOR CLASS CERTIFICATION BECAUSE OF APPLE'S UNTIMELY DISCOVERY

had not produced to Plaintiffs.[1]  Tr. 2/28/13 at 25:7-11.  Apple's counsel represented that these documents were versions of terms and conditions that Apple had produced and merely showed that Apple's terms and conditions had not materially changed over time.  Tr. 2/28/13 at 24:23-25:3.  Apple's counsel thus implied that Apple's failure to produce these documents did not prejudice Plaintiffs.

The Court then inquired whether Apple had in fact produced all responsive documents, and if so, to file a declaration so stating.  Tr. 2/28/13 at 26:23-27:14.  Apple's counsel agreed to do so and stated: "And incidentally, we actually put in such a declaration in response to the motion to compel.  I am confident that all documents Plaintiffs have sought have been produced.  This is a disingenuous motion.  There are no specific documents that they're claiming – aside from the admitted oversight of the terms and conditions versions – that have not been produced."  Tr. 2/28/13 at 27:17-24.

At the February 28, 2013 hearing, Apple's counsel further represented that 100,000 Apple documents had been collected and reviewed, but only 3,000 were relevant and responsive to Plaintiffs' discovery requests.  Tr. 2/28/13 at 31:14-32:8 and 25:12-17.  Apple's counsel represented that "Magistrate Judge Grewal has already ruled on our discovery obligations and found that we had complied with them and we produced documents that related to the allegations."  Tr. 2/28/13 at 32:2-4.

Unfortunately, the representations made by Apple's counsel are not correct.  For example, despite the fact that this Court ordered substantial completion of document production in this case by September 15, 2012, and the fact that Magistrate Judge Grewal's November 21, 2012 Order compelled Apple to produce documents responsive to Plaintiffs' discovery requests, Apple has not fully complied with its discovery obligations.  Judge Grewal at the March 5, 2013 motion to compel hearing asked Apple's counsel point blank, "Is your production complete today or not in response to that [November 21, 2012] order?"  Apple's counsel responded, "Your Honor, it is not

---

[1] At the March 5, 2013 motion to compel hearing, Apple's counsel represented that Apple had not produced six of the documents upon which Apple relies in its motion for summary judgment. Tr. 3/5/13 at 37:14-19.

2

Case No.: 11-MD-02250-LHK
ORDER DENYING APPLE'S MOTION FOR SUMMARY JUDGMENT AND INSTRUCTING PLAINTIFFS TO WITHDRAW MOTION FOR CLASS CERTIFICATION BECAUSE OF APPLE'S UNTIMELY DISCOVERY

complete today." Tr. 3/5/13 at 30:19-22.

Despite Apple's counsel's February 28, 2013 representations to this Court that all responsive documents had been produced, Apple's counsel did not review e-mails in the files of the senior executives, namely Steve Jobs, Phil Schiller, Greg Joswiak, and Scott Forstall, until the weekend of March 1-3, 2013. Tr. 3/5/13 at 32:13-33:7. Apple's counsel claims "these individuals did not have active involvement in these issues." Tr. 3/5/13 at 34:8-9. This claim is surprising in light of the email showing that Steve Jobs, then Apple CEO, personally demanded that Apple software engineers immediately design and release a software update to fix the so-called "bug" which overrode users' setting of Location Services to "off." *See* Ex. 33 at APPLE_1004291 (stating that "SJ [Steve Jobs]… would like an estimate" of the time required to "release a software update to fix" the location services issues). Moreover, in this email, Scott Forstall, then Senior Vice President of iOS Software, discussed issues that the bug fix must resolve. *Id.*

Apple's counsel concedes that Apple must still produce documents, including "documents where there is a high level senior executive discussion of the fact that there's press attention to an issue and that these issues are being evaluated." Tr. 3/5/13 at 35:23-25. At the March 5, 2013 motion to compel hearing, Apple's counsel represented that its document production would begin the week of March 4, 2013, and would be completed by the end of two weeks. Tr. 3/5/13 at 34:14-17. The Court notes that, as of March 6, 2013, Apple represented that it is still searching for documents. Statement Regarding Outstanding Discovery, ECF No. 206, at ¶ 7.

In addition to Apple's failure to produce responsive documents, this Court is also disturbed by Apple's position "that it may redact information that is not relevant." Tr. 3/5/13 at 42:12-13. Apple asserts that it can redact irrelevant information "as long as there's a process by which the parties can assess whether there's a good faith claim of relevance or not." Tr. 3/5/13 at 42:18-20. Apple's contention that Plaintiffs must surmise based upon a redaction whether Apple redacted the redacted information in good faith is unpersuasive at best.

On March 6, 2013, Judge Grewal found Apple's failure to check whether Apple had complied with Judge Grewal's November 21, 2012 Order until the weekend of March 1-3, 2013

3

unacceptable, and concluded that he could not rely on Apple's representations that "this time it really has or will produce all responsive documents." March 6, 2013 Order, ECF No. 203, at 10. Accordingly, Judge Grewal ordered Apple to file, by March 8, 2013, a detailed account of the discovery process it has used in this case and to produce all outstanding responsive documents by March 18, 2013.

This Court concurs with Judge Grewal's conclusion that Apple's failure to comply with its discovery obligations is unacceptable. Moreover, at this point, this Court cannot rely on Apple's representations about its compliance with its discovery obligations.

Apple has stated its willingness to allow supplemental briefing because of its untimely document production. At the March 5, 2013 hearing, Apple's counsel stated, "We certainly will work with Plaintiffs if they think they need an opportunity to address any of the class cert issues with respect to those documents." Tr. 3/5/13 at 34:17-19. In its March 6, 2013 Statement Regarding Outstanding Discovery, Apple states that, "While Apple and its counsel do not believe that any of the documents produced this week impact the outcome of the pending class certification and summary judgment motions, they recognize that they should have discovered and produced these documents sooner, and have advised Plaintiffs that they do not oppose the filing of any supplemental briefing that Plaintiffs believe is necessary to address the recent production. Apple will work cooperatively with Plaintiffs to determine how best to present any supplemental briefing to the Court." Statement Regarding Outstanding Discovery, ECF No. 206, at ¶ 6.

Rather than permitting supplemental briefing on class certification issues, the Court instructs Plaintiffs to withdraw their class certification motion by March 8, 2013. A case management conference will be held on April 10, 2013 at 2:00 p.m. In the parties' April 3, 2013 joint case management statement, the parties shall propose a briefing schedule for a new motion for class certification and any necessary changes to the case schedule.

Federal Rule of Civil Procedure 56(d) provides that when a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition to summary judgment, a court may deny the summary judgment motion. The Court finds that the

4

Case No.: 11-MD-02250-LHK
ORDER DENYING APPLE'S MOTION FOR SUMMARY JUDGMENT AND INSTRUCTING PLAINTIFFS TO
WITHDRAW MOTION FOR CLASS CERTIFICATION BECAUSE OF APPLE'S UNTIMELY DISCOVERY

record in this case, including Apple's counsel's representations at the February 28, 2013 and March 5, 2013 hearings, Apple's Statement Regarding Outstanding Discovery, the Declarations of S. Ashlie Beringer, Lynn Miller, and Karen Riebel, amply warrants denial of Apple's motion for summary judgment. Accordingly, the Court hereby DENIES Apple's motion for summary judgment and VACATES the April 11, 2013 hearing on that motion. Apple may not file another summary judgment motion until the Court is satisfied that Apple has complied with its discovery obligations.

**IT IS SO ORDERED.**

Dated: March 7, 2013

LUCY H. KOH
United States District Judge