GIBSON, DUNN & CRUTCHER LLP
S. ASHLIE BERINGER, SBN 263977
ABeringer@gibsondunn.com
JOSHUA JESSEN, SBN 222831
JJessen@gibsondunn.com
JEANA BISNAR MAUTE, SBN 290573
JBisnarMaute@gibsondunn.com
JESSICA S. OU, SBN 280534
JOu@gibsondunn.com
1881 Page Mill Road
Palo Alto, California  94304
Telephone:  650.849.5300
Facsimile:   650.849.5333

GIBSON, DUNN & CRUTCHER LLP
GAIL E. LEES, SBN 90363
GLees@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Defendant
APPLE INC., A CALIFORNIA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re iPhone Application Litigation | CASE NO. 11-MD-02250-LHK |
| | **CLASS ACTION** |
| | **DECLARATION OF SCOTT B. MURRAY IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION UNDER SEAL PURSUANT TO LOCAL RULE 79-5** |

i

I, Scott B. Murray, declare as follows:

1.     I am Senior Litigation Counsel at Apple Inc. ("Apple").  Pursuant to the Standing Order Governing Administrative Motions to File Under Seal and Declarations in Support of Sealing ("Standing Order"), Civil Local Rules 7-11 and 79-5, and the Stipulated Protective Order entered by the Court on August 13, 2012 (Dkt. No. 89), I submit this Declaration in Support of Apple's Administrative Motion to File Documents in Support of Its Opposition to Plaintiffs' Motion for Class Certification Under Seal Pursuant to Local Rule 79-5.  The requested relief is narrowly tailored and necessary to protect the confidentiality of the information contained in the documents discussed below and exhibits attached thereto.  I make this declaration of my own personal knowledge, unless the context indicates otherwise, and, if called as a witness, I could and would testify competently to the facts stated herein.

2.     Apple respectfully requests that the Court allow the below-referenced documents (or relevant portions of those documents) to be filed under seal due to their confidential nature and further that any references to or discussion of them in Apple's Opposition to Plaintiffs' Motion for Class Certification be redacted.  These documents constitute, reflect, contain, or discuss confidential information that is protectable as a trade secret or otherwise entitled to protection under the law.  In accordance with the requirements of the Standing Order, I respectfully submit that the presumption of access to judicial records does not apply here because the documents at issue are being filed in connection with a non-dispositive motion (*see In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012)[1]), and therefore the appropriate legal standard is "good cause," which Apple respectfully submits is satisfied.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("A 'good cause' showing will suffice to seal documents produced in discovery. Fed.R.Civ.P.26(c) (stating that if 'good cause' is shown in

---

[1] *See also In re High-Tech Employee Antitrust Litig.*, 11-CV-02509-LHK, 2013 U.S. Dist. LEXIS 6606, at *8 (N.D. Cal. Jan. 15, 2013) ("Plaintiffs' Motion for Class Certification is a non-dispositive motion. Therefore, the parties need only demonstrate 'good cause' in order to support their requests to seal."); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, Case No. 09-cv-01967 CW (NC), 2013 U.S. Dist. LEXIS 85375, at *11 (N.D. Cal. June 17, 2013) ("Courts in this district have generally considered motions for class certification nondispositive.").

1

1  discovery, a district court may issue 'any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense').").  For the benefit of the Court, to the extent possible I discuss the documents by category.[2]

### Confidential Business, Financial, and Market Information

3. Portions of the Shoemaker Declaration, particularly paragraph 6, portions of the Neuenschwander Declaration, particularly paragraphs 7 and 28, and portions of the Buckley Declaration, particularly paragraphs 32-35, discuss highly confidential business records, proprietary market research and analysis, as well as information pertaining to the competitive landscape for mobile devices.  It is Apple's practice and policy to maintain the confidentiality of this information.  Apple does not disclose or comment on its confidential business practices.  This business information could be used by Apple's competitors to its disadvantage, because it discusses details of Apple's developer community, Apple's sales, and Apple's customers' behavior.

### Confidential Information Regarding App Review

4. Portions of the Shoemaker Declaration, particularly paragraphs 12, 15-19, 22-23, 27-36, 42-44, 53-54, 56-59, 61-62, 64-65, 73, and 76, and Exhibits A, B, and C thereto, and portions of the Beringer Declaration, particularly Exhibits H, J, M, N, O, P, Q, and R thereto, discuss highly confidential aspects of Apple's app review process, including the capabilities of Apple's app review process to review for certain requirements and the frequency with which Apple does so.  This information constitutes Apple's confidential business and technical product development strategy.  It is Apple's practice and policy to strictly maintain the confidentiality of this information, because disclosure of the information to app developers (directly or through the media) would enable developers to more easily circumvent Apple's detection protocols and irreparably harm Apple's ability to detect apps that do not meet its requirements. In addition, the information in these

---

[2] The declarations discussed herein are referred to as follows:  Declaration of Jane Horvath ("Horvath Declaration"); Declaration of Phillip Shoemaker ("Shoemaker Declaration"); Declaration of Erik Neuenschwander ("Neuenschwander Declaration"); Declaration of Mark Buckley ("Buckley Declaration"); Declaration of Ronald Huang ( "Huang Declaration"); Declaration of Ashlie Beringer ("Beringer Declaration").

2

paragraphs and documents reflects Apple's confidential business decisions about the requirements an app must meet in order to pass app review.

<u>Confidential Information Regarding Device Identifiers</u>

5. Portions of the Shoemaker Declaration, particularly paragraph 25, portions of the Neuenschwander Declaration, particularly paragraphs 16, 20, 22, and 23, and Exhibits A and B thereto, and portions of the Beringer Declaration, particularly Exhibits K and L thereto, discuss proprietary business, engineering, and design decisions regarding Apple's proprietary iOS software and its device identifiers. This information reflects Apple's confidential business and marketing strategy and could be used by Apple's competitors to its disadvantage. The information also could be used by individuals or companies that might seek to compromise the security of iOS devices, causing harm to Apple and users of Apple products. It is Apple's practice and policy to strictly maintain the confidentiality of this information, and Apple does not disclose or comment on its internal product development practices. More specifically, Exhibit A to the Neuenschwander Declaration is an internal white paper about device identifiers, which is marked "Apple Need to Know" and contains confidential technical discussions about various device identifiers and potential privacy implications. Exhibit B to the Neuenschwander Declaration is a confidential presentation about privacy and device identifiers that was given to developers. The document explains "These are confidential sessions—please refrain from streaming, blogging, or taking pictures"—because this information is not disclosed beyond registered Apple developers who have entered into contractual agreements with Apple.

<u>Other Confidential Technical Information</u>

6. Portions of the Horvath Declaration, particularly paragraph 16, and portions of the Huang Declaration, particularly paragraphs 35-36, discuss proprietary business, engineering, and design decisions regarding Apple's proprietary iOS software. This information reflects Apple's confidential internal business and technical processes, and could be used by Apple's competitors to its disadvantage. It is Apple's practice and policy to strictly maintain the confidentiality of this information, and Apple does not disclose or comment on its internal product development practices.

For example, paragraph 16 of the Horvath Declaration discusses internal Apple security protocols, knowledge of which could be used maliciously. Paragraphs 35-36 of the Huang Declaration reflect explanations of internal e-mail discussions about technical testing and business relationships that could be used by Apple's competitors to its disadvantage.

<u>Other Confidential Information</u>

7. Portions of the Shoemaker Declaration, particularly paragraphs 68-71, and portions of Exhibits D and E thereto, contain the name of an Apple intern and critical professional feedback about the intern. Personal employee information of this nature is highly sensitive, and it is Apple's practice and policy to strictly maintain the confidentiality of this information.

8. Exhibit U to the Beringer Declaration contains a chart discussing Plaintiffs' new theories of the case. Because this document quotes at length from Plaintiffs' Second Motion for Class Certification, it discusses various categories of confidential information. Any redactions made to this document reflect redactions in the Plaintiffs' Second Motion for Class Certification, and the confidentiality of such redacted information has been addressed by Plaintiffs' Administrative Motion to Seal (Dkt. 246) and the associated Declaration of Scott B. Murray On Behalf of Apple Inc. In Support of Plaintiffs' Administrative Motion to File Portions of Plaintiffs' Motion for Class Certification Under Seal Pursuant to Local Rule 79-5(B)-(D) (Dkt. 252).

9. In addition to the confidential information contained in the above-referenced declarations and exhibits, which should be filed under seal for the reasons articulated above, Apple's Opposition to Plaintiff's Motion for Class Certification (the "Apple Brief") contains references to additional, sensitive market information and highly confidential information about proprietary business, engineering, and design decisions regarding Apple's proprietary iOS software, app review, and the security features of Apple's products and services. It is Apple's practice and policy to maintain the confidentiality of this information. Apple does not disclose or comment on its confidential business practices. Disclosure of this information to app developers (directly or through the media) would enable developers to more easily circumvent Apple's detection protocols and irreparably harm Apple's ability to detect apps that do not meet its requirements. Further, this

Gibson, Dunn & Crutcher LLP

DECLARATION OF SCOTT MURRAY IN SUPPORT OF APPLE'S MOTION TO FILE UNDER SEAL
CASE NO. CV 11-MD-02250-LHK

information reflects, among other things, Apple's strategies and manner of managing its business affairs and product development, and could be used by Apple's competitors to its disadvantage, particularly because it discusses Apple's customers.  A narrowly tailored redacted version of the Apple Brief has been filed as an Exhibit to Apple's Administrative Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on September 18, 2013 in Danville, California.

Dated: September 19, 2013

_____Scott B. Murray_____
Scott B. Murray

**ATTORNEY ATTESTATION**

Pursuant to Civil Local Rule 5-1, I, S. Ashlie Beringer, hereby attest that concurrence in the filing of this document has been obtained from Joshua Jessen.

Dated:  September 19, 2013          By: _____/s/ S. Ashlie Beringer_____
                                        S. ASHLIE BERINGER