Appendix B
Plaintiffs' Opposition to Motion for Summary Judgment

| Paragraphs to Strike | Grounds for Striking Bolas Testimony |
|---|---|
| Par. 5 (Summary of analysis) | Mr. Bolas is not qualified to testify as to the transmission of data from iDevices. See Declaration of Dr. Manuel Egele, January 22, 2013, ¶¶18-24 (describing the qualifications necessary to perform an analysis and examination of what data is transmitted (i) to third party network locations when users use apps on iPhones or (ii) to Apple network locations when users use apps on their iPhones.)<br><br>Mr. Bolas is not qualified to testify as to when Mr. Dwyer first used his Pandora App and further, he relies on exhibit B which is hearsay. (Bolas depo, 241:2-16 ("I have no understanding of how the app operates, I have a very limited understanding of how a user might interact with that app.")<br><br>Mr. Bolas is not qualified to testify as to whether Ms. Capiro turned off Location Services. Mr. Bolas does not have an understanding of how Location Services and its operations and the storage of location files changed with the update to iOS 4.3.3. (Bolas depo., 273:13-20.) He was not aware that the consolidated.db database was changed by the version 4.3.3 update. (Bolas depo., 273:20-274:12.) He does not have an understanding of what Apple terms the "bug" with Location Services. (Bolas depo., 274:13-21.) And Mr. Bolas has never before now supervised a forensic engagement to determine whether Location Services were turned on or off on an iOS device. (Bolas depo., 281:2-5.)<br><br>Further, Mr. Bolas' conclusions are irrelevant and unhelpful to the trier of fact because he admits that "when we say there is no evidence found, that's exactly – it means nothing more and nothing less than that. And the reader of the declaration should not misinterpret the language that there is no support or no forensic evidence found to mean that there's proof positive that something didn't occur." (Bolas depo., 267:17-23.) |
| Pars. 6 – 13 (Apple background) | Mr. Bolas lacks personal knowledge and fails to prove that he possesses scientific knowledge asserted about iPhones, iPhone usage, iPhone functions, iPhone characteristics, the history of iPhones, and the working of iPhones. FRE 702; *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993) ("The subject of an expert's testimony must be "scientific ... knowledge." [fn omitted.] The adjective "scientific" implies a grounding in the methods and procedures of science. Similarly, the word "knowledge" connotes more than subjective belief or unsupported speculation.")<br><br>Mr. Bolas never spoke with anyone at Apple (Bolas depo., 91:2-4) and learned about Apple from simply |

Appendix B
Plaintiffs' Opposition to Motion for Summary Judgment

| **Paragraphs to Strike** | **Grounds for Striking Bolas Testimony** |
|---|---|
| | reading the Apple website (Bolas depo., 87:9-23; 89:5-8; 131:15-132:13.). |
| Pars. 14-15 (Analysis of Third Amended Complaint) | Mr. Bolas is not qualified to testify about the meaning of Plaintiffs' allegations in their Third Amended Complaint. *Aguilar v. International Longshoremen's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert). |
| Pars. 16-29 (Explanation of Static Analysis of Transmitted App Data) | Mr. Bolas is not qualified to testify as to the transmission of information from an iPhone to another third party, the "static analysis" of data, the "dynamic analysis" of data, or whether his analysis of the iPhones was the "best method." See Declaration of Dr. Manuel Egele, January 22, 2013, ¶¶18-24 (describing the qualifications necessary to perform an analysis and examination of what data is transmitted (i) to third party network locations when users use Apps on iPhones or (ii) to Apple network locations when users use Apps on their iPhones.)<br><br>Mr. Bolas admitted in deposition that he is not an expert in online analytics and he could not offer an opinion on how often information is sent to tracking companies via a POST request. (Bolas depo., 198:12-25.) |
| Pars. 35-63 (Analysis of data transmission claims for Mr. Chiu)<br><br>Pars. 64-75 (Analysis of data transmission claims for Mr. Dwyer)<br><br>Pars. 84-100 (Location Services) | Mr. Bolas' conclusions that particular data did not exist on Plaintiffs' iPhones is irrelevant. This is because "analyzing files and artifacts would only be of value . . . if it is first established that either the operating system or the application creates such artifacts consistently. . . . Furthermore, the presence of artifacts does not in any way indicate that data contained in these artifacts is transmitted over the network. Thus, an analysis of files and artifacts would only be valuable if the examiner additionally established that the data contained within these artifacts is correlated with network activity. Of course, such correlation could be established by analyzing the application and the operating system, or by obtaining the corresponding (operating system related) information from Apple." Egele decl. dated January 22, 2013, ¶33.<br><br>Mr. Bolas does not state that he analyzed the application and operating system, and he testified that he chose not to speak with anyone at Apple. (Bolas depo., 91:2-4.)<br><br>Mr. Bolas even admits that "when we say there is no evidence found, that's exactly – it means nothing more and nothing less than that. And the reader of the declaration should not misinterpret the language that there |

Appendix B
Plaintiffs' Opposition to Motion for Summary Judgment

| **Paragraphs to Strike** | **Grounds for Striking Bolas Testimony** |
|---|---|
| | is no support or no forensic evidence found to mean that there's proof positive that something didn't occur." (Bolas depo., 267:17-23; see also Bolas depo, 298:7-299:6.) |
| Pars. 84-100 (Location Services) | Mr. Bolas has never before now supervised a forensic engagement to determine whether Location Services were turned on or off on an iOS device. (Bolas depo., 281:2-5.) <br><br> Mr. Bolas tested version 4.3.3. of the iOS to validate his opinion that an App is denied access to Location Services until permission is affirmatively given. (Bolas depo., 271:18-272:9.) However, this version of iOS was the update to iOS that fixed what Apple termed the "bug" with Location Services. (Huang decl., Dkt. 134, ¶18.) <br><br> Mr. Bolas does not have an understanding of how Location Services and its operations and the storage of location files changed with the update to 4.3.3. (Bolas depo., 273:13-20.) <br><br> Mr. Bolas was not even aware that the consolidated.db database was changed by the version 4.3.3 update. (Bolas depo., 273:20-274:12.) <br><br> Mr. Bolas does not have an understanding of what Apple terms the "bug" with Location Services. (Bolas depo., 274:13-21.) <br><br> Mr. Bolas never looked at the deposition of Ms. Capiro to see if she testified that she turned off Location Services. (Bolas depo., 294:23-1.) |
| Ex. B to Decl. | This is inadmissible hearsay offered for the truth of the matter and no exception is applicable. Fed. R. Evid. 801 and 802. |
| Ex. C to Decl. | This is inadmissible hearsay offered for the truth of the matter and no exception is applicable. Fed. R. Evid. 801 and 802. |