UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE IPHONE APPLICATION LITIGATION | ) Case No.: 11-MD-02250-LHK )<br>) ORDER GRANTING MOTIONS TO<br>) SEAL AND GRANTING MOTION TO<br>) REMOVE INCORRECTLY FILED<br>) DOCUMENT<br>)<br>) |

Before the Court are: (1) Plaintiffs' Administrative Motion to Seal Portions of Plaintiffs' Motion for Class Certification, ECF No. 246; (2) Defendant's Administrative Motion to Seal Portions of Defendant's Opposition to Class Certification, ECF No. 253; (3) Plaintiffs' Administrative Motion to Seal Portions of Plaintiffs' Opposition to Summary Judgment, ECF No. 269; and (4) Plaintiffs' Administrative Motion to Seal Portions of Plaintiffs' Reply in Support of Class Certification, ECF No. 279. Also before the Court is Defendant's Motion to Remove Incorrectly Filed Document. ECF No. 265. Having considered the Motions, accompanying declarations, and relevant law, the Court GRANTS the parties' Motions to Seal and GRANTS Defendant's Motion to Remove Incorrectly Filed Document.

## I.  LEGAL STANDARD

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7

1

(1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

To overcome this strong presumption, a party seeking to seal a judicial record must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (internal quotation marks and citations omitted). "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). When ruling on a motion to seal court records, a "court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.*

The Ninth Circuit has "carved out an exception to the presumption of access to judicial records . . . [that is] expressly limited to judicial records filed under seal when attached to a *non-dispositive* motion." *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litigation*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (emphasis in original) (internal quotation marks and citation omitted). In such situations, the party seeking to seal need only demonstrate that there is "good cause" under Federal Rule of Civil Procedure 26(c) to seal. Motions to seal materials related to non-dispositive motions warrant this more lenient standard, in part, because such motions "are often unrelated, or only tangentially related, to the underlying cause of action." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (internal quotation marks and citation omitted).

## II.   DISCUSSION

The parties' Motions seek to seal Defendant's internal emails and documents, depositions of Defendant's employees, and portions of the parties' briefing on class certification and summary judgment that reference these materials on the ground that these documents contain confidential information regarding Defendant's technology and internal business operations. *See, e.g.*, ("Murray

2

Case No.: 11-MD-02250-LHK
ORDER GRANTING MOTIONS TO SEAL AND GRANTING MOTION TO REMOVE INCORRECTLY FILED DOCUMENT

1  Decl.") ECF No. 271 ¶¶ 3-11. All of the pending the Motions to Seal are unopposed. The parties'

2  Motions to Seal fall into two categories, those related to Defendant's Motion for Summary

3  Judgment, ECF No. 231, and those related to Plaintiffs' Motion for Class Certification, ECF No.

4  249. The Court addresses each in turn.

### A.  Motion to Seal Related to Summary Judgment

Balancing the interests of the public in having access to judicial records against the interests of Defendant in keeping its proprietary information confidential, the Court GRANTS Plaintiffs' Administrative Motion to Seal Portions of Plaintiffs' Opposition to Summary Judgment. ECF No. 269. On November 25, 2013, the Court granted Defendant's Motion for Summary Judgment upon concluding that Plaintiffs lacked standing to pursue their claims. ("Nov. 25 Order") ECF No. 294. In granting Defendant's Motion for Summary Judgment on standing grounds, the Court did not rely on any of the material the parties seek to seal. Because the documents that are the subject of Plaintiffs' Administrative Motion to Seal Portions of Plaintiffs' Opposition to Summary Judgment are unrelated to the Court's reasoning in its November 25 Order, public access to these records will not further the public's understanding of the reasoning underlying the Court's decision. *See Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013) (sealing warranted when there was no "indication that th[e] information was essential to the district court's rulings"); *id.* at 1228 (information not relied on by district court in its orders "is irrelevant to the public's understanding of the judicial proceedings"); *see also Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986) (presumption of public access to judicial records grounded in need to promote "the public's understanding of the judicial process and of significant public events"). Given that the public's interest in accessing the documents at issue in Plaintiffs' Administrative Motion to Seal Portions of Plaintiffs' Opposition to Summary Judgment is minimal, and that Defendant's interest in maintaining the confidentiality of information about its technology and internal business operations is strong, the Court finds that sealing the documents at issue is warranted and therefore GRANTS Plaintiffs' Motion to Seal.

### B.  Motions to Seal Related to Class Certification

The Court's November 25 Order disposed of this entire case, thus mooting Plaintiffs' pending Motion for Class Certification. Nov. 25 Order at 30. The Court did not rely in its November 25 Order on the documents that are the subject of Plaintiffs' Administrative Motion to Seal Portions of Plaintiffs' Motion for Class Certification, ECF No. 246, Defendant's Administrative Motion to Seal Portions of Defendant's Opposition to Class Certification, ECF No. 253, and Plaintiffs' Administrative Motion to Seal Portions of Plaintiffs' Reply in Support of Class Certification, ECF No. 279. Thus, these documents are unrelated to the public's understanding of the judicial proceedings in this case. *See Apple*, 727 F.3d at 1228. The public's interest in accessing these documents is even further diminished in light of the fact that the Court will not have occasion to rule on Plaintiffs' Motion for Class Certification. Given that the public's interest in accessing the documents at issue in these Motions to Seal is minimal, and that Defendant's interest in maintaining the confidentiality of information about its technology and internal business operations is strong, the Court GRANTS Plaintiffs' Administrative Motion to Seal Portions of Plaintiffs' Motion for Class Certification, Defendant's Administrative Motion to Seal Portions of Defendant's Opposition to Class Certification, and Plaintiffs' Administrative Motion to Seal Portions of Plaintiffs' Reply in Support of Class Certification.

### C.     Motion to Remove Incorrectly Filed Document

Finally, the Court addresses Defendant's Motion to Remove Incorrectly Filed Document. ECF No. 265. Defendant mistakenly filed an unredacted version of the Declaration of Mark Buckley at ECF No. 257. This document failed to redact the serial numbers of Plaintiffs' iPhones, which Plaintiffs have sought to keep confidential in order to protect Plaintiffs' privacy. ECF No. 265. Defendant subsequently filed a properly redacted version of the Buckley Declaration at ECF No. 264. The Court GRANTS Defendant's Motion to Remove Incorrectly Filed Document. The main document at ECF No. 257 shall remain locked.

**IT IS SO ORDERED.**

Dated: November 25, 2013

_____
LUCY H. KOH
United States District Judge

Case No.: 11-MD-02250-LHK
ORDER GRANTING MOTIONS TO SEAL AND GRANTING MOTION TO REMOVE INCORRECTLY FILED DOCUMENT